UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONALD MACK BENNETT,

                Plaintiff,

-against-

WESTCHESTER COUNTY JAIL/INMATE ACCOUNT, et al.,

                Defendants.

25-CV-3207 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se*, filed this action while he was detained at Westchester County Jail. He has not prepaid the filing fees, and the Court therefore assumes that he seeks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff is barred, however, from filing any new federal civil action IFP while he is a prisoner. *See Bennett v. Concepcion*, No. 10-CV-9095 (LAP) (S.D.N.Y. Dec. 6, 2010) (listing Plaintiff's strikes and finding that he is barred from filing future actions IFP). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff brings claims about his legal mail. Plaintiff is therefore barred from filing this action IFP.

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action IFP while he is a prisoner unless he is under imminent threat of serious physical injury.[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   April 17, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).